CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 0 3 2005
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL L. LEDFORD, ) | |
| Petitioner, ) | Civil Action No. 7:05CV00600 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Hon. Jackson L. Kiser |
| Respondent. ) | Senior United States District Judge |

Michael L. Ledford, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Ledford challenges the validity of his convictions in the Circuit Court for the County of Augusta. For the following reasons, Ledford's petition is untimely and must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

Ledford was convicted of arson and first degree murder on September 14, 2000. On March 12, 2001, Ledford was sentenced to a total term of imprisonment of fifty years. Ledford's convictions were affirmed by the Court of Appeals of Virginia on October 9, 2001. Ledford subsequently filed a petition for appeal in the Supreme Court of Virginia. Ledford alleges that the petition was refused in April 2002. He did not file a petition for writ of certiorari in the United States Supreme Court.

Ledford alleges that he filed a petition for writ of habeas corpus in the Circuit Court for the County of Augusta on October 15, 2004, and that he received no response from the Circuit Court. Ledford also alleges that at some point in 2005, he filed a petition for writ of habeas

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

corpus in the Supreme Court of Virginia. According to Ledford, that petition was denied on June 14, 2005.

Ledford mailed this petition on September 27, 2005. On September 29, 2005, the court conditionally filed the petition and advised Ledford that the petition appeared to be untimely. The court directed Ledford to submit within twenty days any argument and/or evidence concerning the timeliness of his petition. Ledford filed an amended petition on October 11, 2005, which contains additional details about his proceedings in state court.

## DISCUSSION

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See § 2244(d)(1)(A).[2] In this case, Ledford alleges that he appealed his convictions to the Supreme Court of Virginia, and that his petition for appeal was refused in April 2002. Ledford's conviction became final ninety days later in July 2002, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13(1); Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (noting that a conviction becomes final when a petition for writ of certiorari is denied or the time to file for such a writ expires).

---

[2] Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, the petitioner has not alleged anything to support the court's reliance on subsections (B), (C), or (D). Therefore, the court concludes that the one-year period of limitation began to run on the date the petitioner's conviction became final.

2

Therefore, Ledford had until July 2003 to file a habeas petition under § 2254. Because Ledford filed this petition more than two years after the period of limitation expired, the petition is barred unless Ledford demonstrates some ground for equitable tolling.[3]

The United States Court of Appeals for the Fourth Circuit has explained that equitable tolling is available only when a petitioner presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Although Ledford argues that his petition should be deemed timely because of his limited knowledge of the statutory requirements, the Fourth Circuit has held that a pro se prisoner's failure to understand how the period of limitation operates is an insufficient basis for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Accordingly, the court concludes that Ledford is not entitled to equitable tolling, and that his petition must be dismissed.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 3rd day of Nov., 2005.

*[signature]*
Senior United States District Judge

---

[3] Ledford alleges that he filed a petition challenging his convictions in the Circuit Court on October 15, 2004, and in the Supreme Court of Virginia in 2005. Although the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending, 28 U.S.C. § 2244(d)(2), the one-year period of limitation had already expired by the time Ledford allegedly filed these state petitions.

3